UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

TIG INSURANCE COMPANY,

                          Petitioner,

-v-

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA, and AIU INSURANCE COMPANY

                          Respondents.

19 Civ. 10238 (PAE)

OPINION AND ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On November 4, 2019, TIG Insurance Company ("petitioner"), the successor by merger of Clearwater Insurance Company, commenced this action to confirm an arbitral award ("Award") issued against respondents National Union Fire Insurance Company of Pittsburgh, PA and AIU Insurance Company. Dkt. 2 ("Petition"). The Petition was filed under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Also before the Court is petitioner's motion to file the Award under seal, and to file the Petition itself in redacted form.

On November 13, 2019, counsel for respondents filed a letter with the Court stating that they joined petitioner's motion to seal and indicating that they "do[] not oppose [petitioner]'s petition to confirm" the Award. Dkt. 7 ("Respondents' Letter") at 1. For the following reasons, the Award is confirmed, and petitioner's sealing request is denied.

I.     **Background**

This arbitration arose out of a reinsurance agreement, the Second Blanket Casualty Excess of Loss Reinsurance Agreement ("Contract"), between the parties, whereby petitioner agreed to reinsure liability arising from certain insurance policies issued by respondents. Contract. A dispute arose between the parties as to whether losses under certain of respondents'

policies were covered by the reinsurance Contract and therefore had to be paid by petitioner. Petition ¶ 8.

Article XVII of the First Addendum to the Contract contains the operative arbitration clause in this case. It states that "[a]ll disputes or differences arising out of this Agreement shall be submitted to the decision of two arbitrators, one to be chosen by each party and in the event of the arbitrators failing to agree, to the decision of an umpire to be chosen by the arbitrators." Contract at 21. Among other terms, the arbitration clause provides that the arbitrators "shall settle any dispute under this Agreement according to an equitable rather than a strictly legal interpretation of its terms and their decision shall be final and not subject to appeal." *Id.*

Pursuant to the Agreement, respondents submitted the dispute to arbitration on August 8, 2016. Petition ¶ 9. On April 25, 2018, a panel of three arbitrators held a telephonic hearing and the parties accepted the panel as duly constituted and properly formed. *Id.* ¶ 11. Following discovery and briefing, an evidentiary hearing was held between April 23 and April 26, 2019. *Id.* ¶ 13. On May 20, 2019, the panel issued a Final Award. Award at 2. The panel ruled in favor of petitioner and concluded that the disputed policies were outside the scope of the Contract. *Id.* at 1. Petitioner was ordered to pay respondents any unpaid balance, minus any amount owed under the disputed policies. *Id.* Respondents, in their correspondence to the Court, state that the award has since been fully satisfied. Respondents' Letter at 1.

On November 4, 2019, petitioners filed their Petition to confirm the Award. Petition. Petitioners seek "an Order of Judgment in favor of [Petitioner] and against Respondents on the Final Award." *Id.* ¶ 18. As noted above, respondents do not oppose the petition. Respondents' Letter at 1.

## II. Discussion

### A. Applicable Legal Standards

Because "arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation marks and brackets omitted). The FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award." *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.*, 462 F.3d at 110 (2d Cir. 2006) (internal quotation marks and citations omitted).

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

When a petition for confirmation of an arbitral award is unopposed, it "should . . . be[] treated as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109. "Even

3

when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). A court:

> may not grant the motion without first examining the moving party's submission to determine if [movant] has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). Thus, the Court must assure itself that petitioner has met its burden of showing that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

B. **Confirmation of the Arbitral Award**

The Court has reviewed in detail the Contract, which includes the arbitration clause, and the Award. On that record, and based on the very limited review that is appropriate, the Court

4

concludes that there is no material issue of fact in dispute. The arbitral panel's opinion reflects a considered judgment, reached "after due deliberation" and considering the "testimony at the [a]rbitration [h]earing, the exhibits presented by the [p]arties at the [h]earing and in their [p]re-[h]earing briefs and the [p]arties' [p]re-[h]earing [b]riefs and arguments at the hearing. " Award at 1. The record therefore reflects more than a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797; *see also, e.g.*, *D.H. Blair & Co.*, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). Finally, the parties have not offered, nor has the Court identified, a basis to vacate, modify, or correct the Award. *See* 9 U.S.C. § 9. Accordingly, the Court confirms the Award and enters judgment for petitioner.

### C. Petitioner's Motion to Seal

The Court now turns to petitioner's motion to file the Award under seal, and to file the Petition itself in redacted form. Dkt. 9 ("Motion"). The Part I judge granted a temporary seal and instructed petitioner to file a sealing motion with the undersigned. Dkt. 4. Petitioner did so, *see* Motion, and respondent joined that motion, *see* Respondents' Letter at 1. On November 13, 2019, the Court issued an order instructing petitioner to file a brief supplement to its application to maintain the seal. Dkt. 6. On November 14, 2019, petitioner responded with a letter by email. For the following reasons, the motion is denied.

The parties, in their motion to seal, accompanying memorandum of law, and supplemental filings, rely primarily, if not exclusively, on the confidentiality agreement that governed the arbitration proceedings. However, even if this agreement were binding on the

Court, which it is not, it does not by its terms require that this matter proceed under seal. Paragraph 3(b) of the confidentiality agreement provides that "[d]isclosure of [a]rbitration [i]nformation *may be made* . . . as is necessary in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm . . . an award issued in this arbitration." Dkt. 11-2 at 3 (emphasis added). And the agreement's provision that "the parties agree, *subject to court approval*, that all submission of [a]rbitration [i]nformation shall be sealed and or redacted," *id.* (emphasis added), does not control the result. Rather, as the plain text of the agreement acknowledges, it is up to the Court independently to determine whether the parties' desire to seal the arbitration information in this petition overcomes the weighty presumption that "the public should have access to the proceedings and documents of courts." *United States v. Erie Cty.*, 763 F.3d 235, 238–39 (2d Cir. 2014). Consistent with the conclusion of many other judges in this District who have been presented with this question in the arbitration context, the Court concludes that the materials in this case should be unsealed. *See, e.g.*, *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161 (S.D.N.Y. 2018); *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, No. 19 Civ. 1089 (JMF), 2019 WL 4688705 (S.D.N.Y. Sept. 25, 2019); *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19 Civ. 7954 (VEC), 2019 WL 4621938 (S.D.N.Y. Sept. 11, 2019); *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 Civ. 3274 (JPO), 2012 WL 3583176 (S.D.N.Y. Aug. 21, 2012); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011); *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10 Civ. 698 (RJS), 2010 WL 3958791 (S.D.N.Y. Sept. 23, 2010); *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367 (PGG), 2009 WL 1025965 (S.D.N.Y. Apr. 15, 2009).

In determining whether the parties have overcome the presumption of public filing, the Court applies the familiar three-step test of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). *Accord Erie Cty.*, 763 F.3d at 239–44. First, the Court must determine whether the documents at issue—here, the arbitral Award and the Petition to confirm it—are "judicial documents" to which the common law presumption of public access attaches. *Lugosch*, 435 F.3d at 119. It is "plain as day" that these documents "are judicial documents . . . . [These] documents 'initiated judicial proceedings, are the cornerstone of the case, the very architecture of the lawsuit, and access to' them is undoubtedly 'necessary if the public is to understand this court's decision.'" *DXC Tech. Co.*, 2019 WL 4621938, at *1 (alterations omitted) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)).

Second, having "determined that the documents are judicial documents and . . . a common law presumption of access attaches, [the Court] must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The Second Circuit instructs that such weight "will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1049 (2d Cir. 1995)). Here, there is no question that the documents the parties seek to seal or redact—the arbitral Award and the Petition to confirm it—are front and center in this case. Indeed, they are the documents on which the Court has relied to resolve the Petition. *See D.H. Blair & Co.*, 462 F.3d 95, 110 (2d Cir. 2006) ("Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." (internal quotation marks omitted)). Therefore, the Court concludes that the weight of the presumption in favor of public access in this case is at its "zenith." *DXC Tech. Co.*, 2019 WL 4621938, at *1.

Finally, the Court must balance competing considerations against public access, including but not limited to "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). Here, the parties have not argued that the information contained in the Award or in the Petition, which quotes the Award, is proprietary or that its presence in the public domain will somehow cause harm to either party. Nor is it apparent from the plain text that such could be the case. Rather, the sole competing interest identified by the parties is the existence of the confidentiality agreement that governed the underlying arbitration. That agreement does not bind the Court and is, without more, insufficient to overcome the public's countervailing interest in access to the courts.[1] "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch*, 435 F.3d at 119. The presumption of access is based on the need for federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* Monitoring by the public "both provides judges with critical views of their work and deters arbitrary judicial behavior." *Amodeo II,* 71 F.3d at 1048. The Court concludes that the fundamental importance of access to the courts is not outweighed by the parties' desire to extend their confidentiality agreement.

"Because the Court has held that [petitioner] is not entitled to seal the [documents] under the less stringent Common Law standard, it need not also determine whether the [documents] are subject to a First Amendment presumption, which the Second Circuit has characterized as more stringent." *Bernsten*, 307 F. Supp. 3d at 169 (quoting *Lugosch*, 435 F.3d at 124). The Court notes, however, that such an analysis would also point to unsealing, as the arbitral Award and the

---

[1] The Court is also unpersuaded by the parties' citation to an unpublished opinion from a district court in another jurisdiction. *See* Respondents' Letter at 2, Ex. A. Nor does the Court's adoption of a proposed order in an earlier and unrelated case have persuasive weight. *See* Respondents' Letter at 2–3.

Petition "are necessary to understand the merits of the proceeding." *Id.* (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013)). Indeed, as discussed above, the Award and the Petition are in large part the basis for the Court's decision to confirm the Award.

The parties have asked for the imprimatur of the federal judiciary on their arbitral award. The Court is happy to grant that request. However, by availing themselves of the judicial process, the parties must also contend with the values of transparency and public access which undergird its legitimacy. Because all three *Lugosch* factors favor denying the sealing request, the Court, in its sound discretion, *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 146 (2d Cir. 1995), denies the motion to seal. The parties are hereby ordered to publicly file on ECF all documents that have been filed under seal in this matter, as well as any materials submitted to the Court by email and not yet filed on ECF, by December 6, 2019.

## CONCLUSION

For the reasons discussed above, the Petition to confirm the Award is granted. The Clerk of Court is respectfully directed to terminate the motion pending at docket 9. The Court will issue a separate order closing this case once the remaining items have been filed on the public docket.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 25, 2019
New York, New York